IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| D.J.P.C., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-61-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| TERRENCE DICKERSON, | : | |
| | : | |
| Respondent. | : | |

## **RECOMMENDATION OF DISMISSAL**

Pending before the Court are Petitioner's application for habeas relief (ECF No. 1) and Respondent's motion to dismiss (ECF No. 5). On March 11, 2025, Respondent notified the Court that Petitioner had been "inadvertently removed to Mexico." Resp't's Mot. to Dismiss 1, ECF No. 5. In support, Respondent submitted a declaration by Cammilla Wamsley, the Acting Deputy Assistant Director for Field Operations, Western Operations, for Enforcement and Removal Operations ("ERO"), United States Immigration and Customs Enforcement ("ICE"). Wamsley Decl., ECF No. 5-1. According to Wamsley, Petitioner was transferred to a staging facility on February 19, 2025, in preparation for removal to Venezuela, but instead, Petitioner "was inadvertently removed to Mexico on February 20, 2025." *Id.* ¶ 7. Wamsley attached an I-205 Warrant of Removal/Deportation showing that Petitioner was removed on foot from the United States through the port of entry in Nogales, Arizona, on February 20, 2025. Wamsley Decl. Ex. A, at 2, ECF No. 5-2. Due to Petitioner's removal, Respondent moves to dismiss the petition as moot. Resp't's Mot. to Dismiss

2-3. Under the limited and unusual circumstances of this case, the Court recommends that Respondent's motion to dismiss be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2 and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 7, ECF No. 1. Respondent admits that Petitioner—a native of Venezuela—crossed over the border from the United States into Mexico on foot and is no longer in ICE custody. Resp't's Mot. to Dismiss 1; Wamsley Decl. ¶¶ 7-8. According to Wamsley, ICE attempted to locate Petitioner in Mexico so that it could bring him back to the United States to effectuate his removal to Venezuela, but it was unsuccessful. Wamsley Decl. ¶ 8.

The evidence submitted by Respondent indicates that Petitioner is at liberty in Mexico—in other words, he is no longer detained by the Department of Homeland Security. Petitioner submitted no evidence to rebut this assertion.[1] Thus, under the circumstances of this case, because Petitioner is no longer in Respondent's custody, the Court can no longer give Petitioner any meaningful relief. The case is consequently moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 5) be **GRANTED**, and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

---

[1] The Court sent notices of Respondent's motion to dismiss to the previously known addresses for Petitioner, but the notices were returned as undeliverable (ECF Nos. 6, 7, 8) and Petitioner did not respond to the motion.

4

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 13th day of June, 2025.

                                           s/ *Amelia G. Helmick*
                                         UNITED STATES MAGISTRATE JUDGE